**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE OVERSIGHT PROJECT<br>211 North Union Street<br>Alexandria, VA 22314<br><br>MIKE HOWELL<br>211 North Union Street<br>Alexandria, VA 22314<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave. N.W.<br>Washington, D.C. 20408<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>935 Pennsylvania Avenue N.W.<br>Washington, D.C. 20535<br><br>*Defendants*. | Case No. 25-cv-3778 |

## COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs THE OVERSIGHT PROJECT and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendants DEPARTMENT OF JUSTICE ("DOJ" or "Department") and FEDERAL BUREAU OF INVESTIGATION ("FBI") (collectively "Defendants") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of information from DOJ component FBI on matters of public controversy concerning the weaponization of the FBI.

1

2.     This Complaint also seeks structural injunctive relief for the FBI's violations of the Administrative Procedure Act ("APA") and unlawful patterns-or-practices of denying FOIA requests by categorically:  (1) denying targeted and narrow requests as "burdensome" or as failing to reasonably describe the records sought; (2) by issuing blanket *Glomar* responses to requests about FBI agents already publicly identified as being involved in high profile matters under intense public scrutiny, thereby substituting rote form denials for the individualized assessments and balancing that FOIA mandates; and (3) failing to comply with 28 C.F.R. § 16.3(b) which requires the FBI to advise a requestor on how to refine their request if the FBI determines a request failed to reasonably describe the records sought.

## PARTIES

3.     Plaintiff The Oversight Project is a nonpartisan public policy organization based in Wyoming with an office in Virginia that works to expose and root out corruption in government, among elected officials, and in influential organizations, to ensure power resides with the American People. The Oversight Project is a not-for-profit section 501(c)(4) organization which engages in substantial dissemination of information to the public.  The Oversight Project is an initiative aimed at transparency by obtaining information via FOIA requests and other means to best inform the public.  The Oversight Project also provides information to public officials in the executive and legislative branches for the purposes of promoting good governance and legislative oversight.  The Oversight Project and Plaintiff Mike Howell's journalistic work is published most frequently on X (formerly known as Twitter) to provide information directly to the American people.  Significant findings are also posted on the Oversight Project's website.  That website contains a searchable archive of records obtained by the Oversight Project in the "Doc Depot." The "Doc Depot" is a bespoke technological solution compiled by Oversight Project technical

experts to facilitate fully searchable public access to records obtained through FOIA. "Doc Depot" is updated regularly and currently contains over 62,700 documents and over 2 million pages of records. Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

4.    Plaintiff Howell leads The Oversight Project and is an investigative columnist for *The Daily Signal* and a contributor to *The Blaze*.

5.    Plaintiffs are frequent FOIA requestors and frequently FOIA records from both DOJ and the FBI. Their investigative and journalistic efforts are currently being frustrated and stymied by the FBI's unlawful conduct and patterns or practices challenged herein.

6.    Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and/or control of the records that Plaintiffs seek. DOJ is located at 950 Pennsylvania Ave., NW Washington, D.C., 20530.

7.    Defendant FBI is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). FBI has possession, custody, and control of records that Plaintiffs seek and has engaged in patterns-or-practices in violation of FOIA. The FBI is located at 935 Pennsylvania Ave., NW, Washington, D.C., 20535.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

9.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants' principal places of business are in the District of Columbia.

## <u>PLAINTIFFS' FOIA REQUESTS</u>

10.    Plaintiffs submitted the 23 FOIA Requests at issue on May 16, 2025.  (collectively "Plaintiff's FOIA Requests" or "Requests") (Ex. 1).

11.    Plaintiffs' Requests Nos.:  1669325-000; 1669330-000, 1669074-000, 1669300-000, 1669295-000, 1669076-000, 1669017-000, 1669366-000, 1669363-000, 1669327-000, 1669660-000, 1669655-000, 1669629-000. 1669333-000, 1669015-000, 1669630-000, 1669657-000, 1669659-000, 1669324-000, 1669364-000, 1669075-000, 1669367-000, and 1669369-000 sought records (respectively) from the following custodians and the FBI's National Press Office:

a.   Jeffrey C. Dutton
b.   Jeffrey S. Sallett
c.   Michelle Ball
d.   Timothy R. Thibault
e.   Walter Giardina
f.   Daniel Mehochko
g.   Daniel Hargreaves
h.   Robert Fuller
i.   Stephen Laycock
j.   Timothy Patrick Melinson
k.   James H. Smith
l.   David Walker
m.   Ryan Young
n.   Steven D'Antuono
o.   Sarah Webb Linden
p.   Larissa L. Knapp
q.   Kurtis Ironnow
r.   Edward J. Gray
s.   James Langdon
t.   Travis D. Carlisle
u.   David Gabriel
v.   Sakura Okur

12.    Specifically, Plaintiffs respectively requested (depending on custodian):

a.   Document sufficient to account for all communications to/from the custodian to/from the following email domains: "@eop.gov" OR "@who.eop.gov" OR "@nsc.eop.gov" OR

"@mail.house.gov" OR ".senate.gov" OR "@oig.justice.gov".  Please construe each email domain as an individual search term for e-discovery search purposes.

b.  Document sufficient to account for all communications to/from the custodian containing the text "Trump" OR "Pence" OR "Bannon" OR "Navarro" OR "45" OR "Arctic Frost" OR "Mar-A-Lago" OR "Crossfire Hurricane" OR "Republican" OR "RNC" OR "DNC" OR "OPR" OR "CR-15" OR "Boasberg" OR "FISC".  Please search all inboxes assigned to the custodian, regardless of classification level (unclassified, secret, and top-secret inboxes).

c.  Document sufficient to account for all lync messages to/from the custodian containing the text "Trump" OR "Pence" OR "Bannon" OR "Navarro" OR "45" OR "Arctic Frost" OR "Mar-A-Lago" OR "Crossfire Hurricane" OR "Republican" OR "RNC" OR "DNC" OR "OPR" OR "CR-15" OR "Boasberg" OR "FISC".  Please search all lync accounts assigned to the custodian, regardless of classification level (unclassified, secret, and top-secret inboxes).

*Id.*  The Requests all sought information from the FBI concerning aspects of FBI misconduct and scandal that was either made public by the FBI itself or by Senate Judiciary Chairman Chuck Grassley.

13.  Each request was narrowly targeted to a single custodian, date range, and had as its operative language specific search terms.  *Id.*

14.  The Requests sought fee waivers based on The Oversight Project's status as nonprofit organization dedicated to critical examination of government actions, the fact the requests are primarily and fundamentally for furthering that non-commercial purpose, and that the disclosure of the requested information is in the public interest and is likely to contribute

significantly to public understanding of the operations and activities of the government. Specifically, the records sought pertain to the FBI's weaponization of assessments and investigations against President Trump and perceived political enemies. *Id.*

### PLAINTIFFS' ADMINISTRATIVE EXHAUSTION

15.     On May 29, 2025, Defendant FBI acknowledged receipt of Request Nos. 1669017-000, 1669076-000, 1669075-000, 1669074-000 and 1669015-000. *See* Defendant's Denials. (Ex. 2). On May 30, 2025, Defendant FBI acknowledged receipt of Request Nos. 1669333-000, 1669330-000, 1669324-000, 1669325-000, 1669300-000, 1669295-000, and 1669364-000. *Id.* On June 2, 2025, Defendant FBI acknowledged receipt of Request Nos. 1669367-000, 1669363-000, 1669366-000, and 1669369-000. *Id.* On June 3, 2025, Defendant FBI acknowledged receipt of Request Nos. 1669659-000, 1669657-000, 1669660-000, 1669629-000, 1669327-000, 1669630-000, and 1669655-000. *Id.*

16.     The above receipts also served as denials. *See generally* (Ex. 2). Defendant FBI denied the Requests on one of two grounds:

> 1) Denials asserting burden/unreasonableness of search (claims that requests were too broad or not sufficiently specific). Nos.: 1669325-000; 1669330-000, 1669074-000, 1669300-000, 1669295-000, 1669076-000, 1669017-000, 1669366-000, 1669363-000, 1669327-000, 1669660-000, 1669655-000, 1669629-000.

> 2) Denials citing *Glomar* (refusal to confirm or deny the existence of records) and Glomar denials. Nos.: 1669333-000, 1669015-000, 1669630-000, 1669657-000, 1669659-000, 1669324-000, 1669364-000, 1669075-000, 1669367-000, 1669369-000.

*Id.* In each category, the grounds for denial contained identical operative language to justify the denial.

17.     On August 7, 2025, Plaintiffs appealed all of the denials to the Department of Justice's Office of Information Policy ("OIP"). *See* Appeal Letter from Mike Howell to Bobak Talebain (Aug. 7, 2025) (Ex. 3) ("Administrative Appeal"). The Administrative Appeal presented

detailed legal arguments and specifically argued that the FBI was engaged in multiple illegal patterns-or-practices that, if not remedied, would lead to Plaintiffs filing this action seeking structural injunctive relief.  *Id.*  The Administrative Appeal also contained a lengthy Appendix of public disclosures relevant to the Requests.

18.     OIP gave the Administrative Appeal the tracking number A-2025-02412.  *See* OIP Acknowledgment of FBI FOIA Appeal No. A-2025-02412 (Aug. 13, 2025) (Ex. 4).

19.     Plaintiffs have received no communication regarding the Requests from Defendants since August 13, 2025.

20.     Defendants have not ruled on Plaintiffs' administrative appeals.

21.     20 business days from August 13, 2025, is September 11, 2025.

### FIRST CLAIM FOR RELIEF
**Violation of the Administrative Procedure Act, 5 U.S.C. § 704**

22.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

23.     Under the APA, 5 U.S.C. § 704, a court may review "final agency action for which there is no other adequate remedy in a court," and must set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or taken "without observance of procedure required by law."  5 U.S.C. § 706(2)(A), (D).

24.     Defendant FBI regularly closes FOIA requests for alleged failures to reasonably describe the records sought, without conferring with requesters or explaining what additional information is required.

25.     Defendant FBI thus repeatedly violates 28 C.F.R. § 16.3(b) which provides: "If after receiving a request a component determines that it does not reasonably describe the records

sought, the component shall inform the requester what additional information is needed or why the request is otherwise insufficient."

26.    Defendant FBI administratively closed request Nos. 1669325-000; 1669330-000, 1669074-000, 1669300-000, 1669295-000, 1669076-000, 1669017-000, 1669366-000, 1669363-000, 1669327-000, 1669660-000, 1669655-000, 1669629-000.  (Ex. 2).

27.    The operative language of the closures is identical.

28.    Defendant FBI made no attempt to confer; it simply "administratively closed" the requests.

29.    This practice, repeated across at least 13 substantively identical denials, reflects continuing and systemic obstruction rather than individualized determinations, and constitutes "final agency action" subject to review under the APA.  It is arbitrary, capricious, and contrary to law, and was taken "without observance of procedure required by law" within the meaning of 5 U.S.C. § 706(2)(A), (D).

30.    As regular FOIA requesters of FBI records, Plaintiffs' investigative and oversight efforts are being frustrated and stymied by the FBI's course of conduct. The FBI's violation of 28 C.F.R. § 16.3(b) is ongoing and continuing.  This harm flows directly from the FBI's failure to comply with its own binding regulation, 28 C.F.R. § 16.3(b).

31.    Because FOIA does not provide an adequate remedy to correct an agency's policy or practice of violating its own regulations, judicial review is proper under the APA.  *See Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 266 (D.D.C. 2012), *aff'd*, 969 F.3d 406 (D.C. Cir. 2020).

## SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552(a)(3)(A)
### Unlawful Pattern or Practice of failing to make records promptly available.

32.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

33.     .Defendant FBI has adopted and continues to implement a practice of administratively closing FOIA requests it alleges fail to reasonably describe the records sought, without conferring with Plaintiffs or explaining what additional information is required

34.     "An agency may not resist disclosure because the request fails 'reasonably (to) describe' records unless it has first made a good faith attempt to assist the requester in satisfying that requirement." *Ferri v. Bell*, 645 F.2d 1214, 1221 (3d Cir. 1981). In *Parker v. U.S. Dep't of Just. Exec. Off. for U.S. Att'ys*, 852 F. Supp. 2d 1, 14 (D.D.C. 2012), the court found that when the DOJ fails to comply with 28 CFR § 16.3(b), the DOJ is required to either produce responsive records or cite an exemption under FOIA.

35.     Defendant FBI administratively closed Request Nos. 1669325-000; 1669330-000, 1669074-000, 1669300-000, 1669295-000, 1669076-000, 1669017-000, 1669366-000, 1669363-000, 1669327-000, 1669660-000, 1669655-000, 1669629-000.  (Ex. 2).

36.     The operative language of the closures is identical.

37.     Defendant FBI made no attempt to assist Plaintiffs in satisfying the requirements of 28 CFR § 16.3(b); it simply "administratively closed" the requests.  *Id*.

38.     The FBI did not cite a FOIA exemption in its denials of Request Nos. 1669325-000; 1669330-000, 1669074-000, 1669300-000, 1669295-000, 1669076-000, 1669017-000, 1669366-000,    1669363-000,    1669327-000,    1669660-000,    1669655-000,    1669629-000. Accordingly, the FBI is withholding potentially responsive records without citing any exception.

39.     This practice, repeated across at least 13 substantively identical denials, reflects a continuing and systemic policy of obstruction rather than individualized determinations.

40.     This practice unlawfully impairs Plaintiffs' right of access to agency records under FOIA.

41.     Plaintiffs have similar FOIA Requests pending and will continue to submit similar FOIA requests in the future.

42.     As regular FOIA requestors of FBI records, Plaintiffs' investigative and journalistic efforts are being frustrated and stymied by this illegal pattern and practice.  This harm flows directly from the FBI's failure to abide by the requirements of FOIA to make records promptly available. 5 U.S.C. § 552(a)(3)(A).

**<u>THIRD CLAIM FOR RELIEF</u>**
**Violation of FOIA, 5 U.S.C. § 552**
**Unlawful Pattern or Practice of Improper Denials for Alleged Failure to "Reasonably Describe" Records and Improper Denials on Grounds of "Undue Burden"**

43.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

44.     Defendant FBI has adopted and continues to implement a practice of issuing rote denials on the ground that requests fail to "reasonably describe" the records sought, even when such requests are narrowly tailored to a single custodian, defined terms, and a fixed date range.

45.     Defendant FBI's practice repeatedly violates 5 U.S.C. § 552(a)(3)(A), which requires agencies to make records promptly available so long as they are reasonably described and does not permit categorical denials based on unsubstantiated claims of burden.

46.     The D.C. Circuit has long cautioned that the "reasonably describes" requirement may not be used to obstruct access to agency records. *See e.g., Truitt v. Dep't of State*, 897 F.2d 540, 544–45 (D.C. Cir. 1990).  Courts have also held that requests involving large datasets or

significant volume cannot be denied on "undue burden" grounds absent a specific showing that the request would interfere with agency operations. *See, e.g.*, *Colgan v. DOJ*, 2020 WL 2043828, at *7 (D.D.C. Apr. 28, 2020); *Pub. Emps. for Env. Responsibility v. EPA*, 314 F. Supp. 3d 68, 75, 80–81 (D.D.C. 2018).

47.    Plaintiffs' FOIA Requests are narrowly tailored to a single custodian, defined terms, and a fixed date range.  Plaintiffs' FOIA Requests plainly "reasonably describe" the records sought.

48.    Plaintiffs' FOIA Requests do not present an "undue burden" by any metric. Moreover, Defendant FBI has never substantiated its claim of burden.

49.    The FBI asserts, without substantiation, that Plaintiffs' Requests Nos. 1669325-000; 1669330-000, 1669074-000, 1669300-000, 1669295-000, 1669076-000, 1669017-000, 1669366-000, 1669363-000, 1669327-000, 1669660-000, 1669655-000, 1669629-000 are not reasonably described.  (Ex. 2).

50.    The FBI asserts, without substantiation, that Plaintiffs' Requests Nos. 1669325-000; 1669330-000, 1669074-000, 1669300-000, 1669295-000, 1669076-000, 1669017-000, 1669366-000, 1669363-000, 1669327-000, 1669660-000, 1669655-000, 1669629-000 are "unduly burdensome," notwithstanding FOIA's requirement that burden be proven and case law holding that volume alone does not justify denial.  *Id.*

51.    The operative language of these denials is identical.

52.    This practice, repeated across at least 13 substantively identical denials, reflects a continuing and systemic policy of obstruction rather than individualized determinations.

53.    This practice unlawfully impairs Plaintiffs' right of access to agency records under FOIA.

54.     Plaintiffs have similar FOIA Requests pending and will continue to submit similar FOIA requests in the future.

55.     As regular FOIA requestors of FBI records, Plaintiffs' investigative and journalistic efforts are being frustrated and stymied by this illegal pattern and practice.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Pattern-or-Practice of Issuing Rote *Glomar* Responses Under**
**Exemptions 6 and 7(C)**

56.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

57.     Defendant FBI has adopted and continues to implement a practice of categorically issuing *Glomar* responses under 5 U.S.C. § 552(b)(6) and (b)(7)(C) to requests concerning FBI agents, even where the agents' identities and alleged misconduct are already matters of public record.

58.     FOIA requires individualized privacy/public interest balancing, not rote denial. *See, e.g.*, *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989*)*.  This requirement applies to Glomar responses.  *See, e.g.*, *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007); *ACLU v. CIA*, 710 F.3d 422, 426–27 (D.C. Cir. 2013).

59.     Defendant FBI denied Plaintiffs' Request Nos. 1669333-000, 1669015-000, 1669630-000, 1669657-000, 1669659-000, 1669324-000, 1669364-000, 1669075-000, 1669367-000, 1669369-000 without conducting individualized privacy/public interest balancing and without considering that the named FBI agents' identities and in general alleged misconduct are already matters of public record.  Again, each denial was substantively identical, reflecting a lack of individualized consideration.  These requests concerned individuals whose association with the investigations in question was already public information.  Moreover, in many instances, those

individuals had been credibly accused of misconduct by Senate Judiciary Committee Chairman Chuck Grassley.  These unusual facts required case specific balancing.  But Defendant FBI engaged in rote denials.

60.    Defendant FBI refuses to segregate and release non-exempt portions of responsive records, instead issuing rote wholesale denials using identical form language.  This violates FOIA's mandate that "[a]ny reasonably segregable portion of a record shall be provided" after deletion of exempt portions. 5 U.S.C. § 552(b).

61.    This practice, repeated across at least 10 substantively identical denials, reflects a continuing and systemic policy of obstruction rather than individualized determinations.  This practice unlawfully impairs Plaintiffs' right of access to agency records under FOIA.

62.    Plaintiffs have similar FOIA Requests pending and will continue to submit similar FOIA requests in the future.

63.    As regular FOIA requestors of FBI records, Plaintiffs' investigative and oversight efforts are being frustrated and stymied by this illegal pattern and practice.

**FIFTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

64.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

65.    FOIA requires all doubts to be resolved in favor of disclosure.

66.    Plaintiffs properly requested records within the possession, custody, and control of Defendants.

67.    Defendants are subject to FOIA and therefore must make reasonable efforts to search for requested records.

68.     Defendants have failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

69.     Defendants' failure to conduct searches for responsive records violates FOIA and DOJ regulations.

70.     Plaintiffs have a statutory right to the information they seek.

71.     Defendants are in violation of FOIA.

72.     Plaintiffs are being irreparably harmed by reason of Defendants' violations of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a nonprofit organization and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

73.     Plaintiffs have no adequate remedy at law.

74.     Plaintiffs have constructively exhausted their administrative remedies.

### SIXTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

75.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

76.     FOIA requires all doubts to be resolved in favor of disclosure.

77.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

78.     Defendants are subject to FOIA and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

79.     Defendants are wrongfully withholding non-exempt records requested by Plaintiffs by failing to produce any records responsive to Plaintiffs' FOIA Request.

80.     Defendants are wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

81.     Defendants' failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

82.     Plaintiffs have a statutory right to the information they seek.

83.     Defendants are in violation of FOIA.

84.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a nonprofit organization and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

85.     Plaintiffs have no adequate remedy at law.

86.     Plaintiffs have constructively exhausted their administrative remedies.

**<ins>SEVENTH CLAIM FOR RELIEF</ins>**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

87.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

88.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

89.     Defendants have constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

90.     The Requests do not have a commercial purpose because the Oversight Project is a 501(c)(4) nonprofit, Howell acts in his capacity as an Oversight Project employee, and release of the information sought does not further Plaintiffs' commercial interest.

91.     Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience." 5 U.S.C. § 552(a)(4)(a)(ii).

92.     Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

93.     Defendants have "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

94.     Plaintiffs have a statutory right to fee waivers.

95.     Defendants are in violation of FOIA by denying fee waivers.

96.     Plaintiffs are being irreparably harmed by reason of Defendants' violations of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a nonprofit organization and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

97.     Plaintiffs have no adequate remedy at law.

98.     Plaintiffs have constructively exhausted their administrative remedies.

**EIGHTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

99.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

100.     Plaintiffs properly requested records within the possession, custody, or control of Defendants.

101.     The Requests do not have a commercial purpose because the Oversight Project is a 501(c)(4) nonprofit, Howell acts in his capacity as an Oversight Project employee, and release of the information sought does not further Plaintiffs' commercial interest.

102.     Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience." 5 U.S.C. § 552(a)(4)(a)(ii).

103.     Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

104.     Defendants have "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

105.     Defendants are currently statutorily barred from charging fees related to Plaintiffs' FOIA Request.  Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

106.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

107.    Plaintiffs have no adequate remedy at law.

108.    Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A.    Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Requests;

B.    Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Requests and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C.    Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

D.    Declare unlawful Defendant FBI's violations of 28 C.F.R. § 16.3(b) by administratively closing FOIA requests on the grounds that they do not "reasonably describe" the records sought without conferring with requesters or providing the required notice.

E.    Enjoin Defendant FBI from violating 28 C.F.R. § 16.3(b) by administratively closing FOIA requests on the grounds that they do not "reasonably describe" the records sought without conferring with requesters or providing the required notice.

F.    Declare unlawful Defendant FBI's pattern-or-practice of administratively closing FOIA requests on the grounds that they do not "reasonably describe" the records sought without conferring with requesters or citing any FOIA exemption or other statutory or regulatory provision.

G.     Enjoin Defendant FBI's pattern-or-practice of administratively closing FOIA requests on the grounds that they do not "reasonably describe" the records sought without conferring with requesters or citing any FOIA exemption or other statutory or regulatory provision..

H.     Declare unlawful Defendant FBI's practice of issuing rote denials on the ground that narrowly tailored and clearly written FOIA requests fail to "reasonably describe" records or are "unduly burdensome," without making individualized determinations or substantiating any claim of burden.

I.     Enjoin Defendant FBI from continuing its practice of issuing rote denials on the ground that narrowly tailored and clearly written FOIA requests fail to "reasonably describe" records or are "unduly burdensome," without making individualized determinations or substantiating any claim of burden.

J.     Declare unlawful Defendant FBI's pattern-or-practice of categorically issuing Glomar responses under Exemptions 6 and 7(C) to FOIA requests and failing to conduct individualized balancing.

K.     Enjoin Defendant FBI from continuing its pattern-or-practice of categorically issuing Glomar responses under Exemptions 6 and 7(C) to FOIA requests and failing to conduct individual balancing.

L.     Enjoin Defendants from assessing fees or costs for Plaintiffs' FOIA Request;

M.     Retain jurisdiction over this matter as appropriate;

N.     Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

O.     Grant such other and further relief as this Court may deem just and proper.

Dated:                                        Respectfully submitted,

                                              SAMUEL EVERETT DEWEY
                                              (No. 99979)
                                              Chambers of Samuel Everett Dewey, LLC
                                              Telephone:  (703) 261-4194
                                              Email: samueledewey@sedchambers.com

                                              ERIC NEAL CORNETT
                                              (No. 1660201)
                                              The Oversight Project
                                              211 N. Union St
                                              Alexandria, VA 22314
                                              Telephone:  (606) 275-0978
                                              Email:  Neal@itsyourgov.org

                                              KYLE BROSNAN
                                              (No. 90021475)
                                              The Oversight Project
                                              211 N. Union St
                                              Alexandria, VA 22314
                                              Telephone:  (845) 674-5589
                                              Email:  Kyle@itsyourgov.org

                                              *Counsel for Plaintiffs*